# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JAMES LEWIS HOPKINS**  **PLAINTIFF**
**ADC #185090**

V.               NO. 4:25-cv-00114-JM-ERE

**ROSS**, *et al.*                      **DEFENDANTS**

## ORDER

*Pro se* plaintiff James Lewis Hopkins, an Arkansas Division of Correction inmate, filed this lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Hopkins' complaint alleges that Defendants IPO Ross, Supervisor of Records Robyn Harrison, and Anthony Jackson have unlawfully detained him past his parole release date. He sues these Defendants in their individual capacities only seeking money damages and injunctive relief. For screening purposes, Mr. Hopkins has stated a constitutional claim against Defendants in their individual capacities.[1] However, Mr. Hopkins cannot recover injunctive relief against Defendants in their individual capacities. See

---

[1] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

*Strutton v. Hacker*, 2025 WL 26682, at *5 (E.D. Mo. Jan. 3, 2025) ("Although the Court has found no Eighth Circuit cases addressing the issue of whether the plaintiff in a § 1983 case can obtain injunctive relief from a defendant in his or her individual capacity, cases from other courts [support that position]" (citing *Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) ("Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief."); *Greenawalt v. Ind. Dep't of Corr.*, 397 F.3d 587, 589 (7th Cir. 2005) ("[S]ection 1983 does not permit injunctive relief against state officials sued in their individual as distinct from their official capacity."); C*mty. Mental Health Servs. of Belmont v. Mental Health & Recovery Bd. Serving Belmont, Harrison & Monroe Ctys.*, 150 F. App'x 389, 401 (6th Cir. 2005) ("Just as a plaintiff cannot sue a defendant in his official capacity for money damages, a plaintiff should not be able to sue a defendant in his individual capacity for an injunction in situations in which the injunction relates only to the official's job, i.e., his official capacity.")).

Mr. Hopkins has thirty days to file an amended complaint. If filed, the amended complaint should: (1) identify and name as Defendants the individuals who allegedly violated his constitutional rights; (2) explain how each Defendant personally violated his constitutional rights; (3) describe how he was harmed or injured as a result of each Defendant's alleged unconstitutional conduct; and (4)

clarify in what capacity he sues each Defendant, official capacity, individual capacity, or both.

Mr. Hopkins' amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Hopkins should make sure that his amended complaint includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit. Also, Mr. Hopkins should not rely upon, or incorporate by reference, any allegations made in the original complaint. In other words, Mr. Hopkins' amended complaint, if filed, will stand alone.

Finally, in the amended complaint, Mr. Hopkins need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this early stage, there is no need to identify witnesses or to describe evidence that Mr. Hopkins may rely on later to prove the claims raised in this lawsuit.

IT IS THEREFORE ORDERED THAT:

1. Mr. Hopkins may file an amended complaint within thirty (30) days of the entry of this Order.

2. If Mr. Hopkins fails to file an amended complaint, the Court will screen the original complaint, which is likely to result in the dismissal of some of his claims.

3.   The Clerk is instructed to provide Mr. Hopkins a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

SO ORDERED 7 February 2025.

_____
UNITED STATES MAGISTRATE JUDGE