# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JAMES LEWIS HOPKINS**                                                          **PLAINTIFF**
**ADC #185090**

**V.**                         **NO. 4:25-cv-00114-JM-ERE**

**ROSS,** *et al.*                                                            **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I. Procedure for Filing Objections

This Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file objections if you disagree with the findings and conclusions set out in the Recommendation. Objections should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

### II. Discussion

#### A. Background

*Pro se* plaintiff James Lewis Hopkins, an Arkansas Division of Correction inmate, filed this lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Hopkins' complaint alleges that Defendants IPO Ross, Supervisor of Records Robyn Harrison, and Anthony Jackson have unlawfully detained him past his parole release date

recommended by the Board of Parole. He sues these Defendants, in their individual capacities only, seeking money damages and injunctive relief. I previously determined that Mr. Hopkins stated constitutional claims against Defendants in their individual capacities, but I notified Mr. Hopkins that he cannot recover injunctive relief against Defendants in their individual capacities. See *Doc. 4 at 1-2*.[1] As a result, I provided Mr. Hopkins thirty days to file an amended complaint clarifying his constitutional claims. *Id*.

Although Mr. Hopkins failed to file an amended complaint, on March 17, 2025, I determined that Mr. Hopkins' original complaint states due process claims against Defendants Ross, Harrison, and Jackson in their individual capacities and issued service of those claims. *Doc. 5*.

Defendants now seeks to dismiss Mr. Hopkins' claims against them for failure to state a plausible constitutional claim for relief. *Doc. 7*. Mr. Hopkins has responded to Defendants' motion (*Doc. 13*), which is now ripe for review.

---

[1] See *Strutton v. Hacker*, No. 4:23-CV-01134-SPM, 2025 WL 26682, at *5 (E.D. Mo. Jan. 3, 2025) ("Although the Court has found no Eighth Circuit cases addressing the issue of whether the plaintiff in a § 1983 case can obtain injunctive relief from a defendant in his or her individual capacity, cases from other courts [support that position]") (citing *Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) ("Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief.")); *Greenawalt v. Ind. Dep't of Corr.*, 397 F.3d 587, 589 (7th Cir. 2005) ("[S]ection 1983 does not permit injunctive relief against state officials sued in their individual as distinct from their official capacity."); *Cmty. Mental Health Servs. of Belmont v. Mental Health & Recovery Bd. Serving Belmont, Harrison & Monroe Ctys.*, 150 F. App'x 389, 401 (6th Cir. 2005) ("Just as a plaintiff cannot sue a defendant in his official capacity for money damages, a plaintiff should not be able to sue a defendant in his individual capacity for an injunction in situations in which the injunction relates only to the official's job, *i.e.*, his official capacity.").

For the following reasons, I recommend that Defendants' motion to dismiss be granted.

**B.   Standard**

To survive a motion to dismiss, a complaint must allege sufficient facts that, when accepted as true, state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When determining whether a complaint states a facially plausible claim, a district court accepts the factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). Factual allegations must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Legal conclusions couched as factual allegations may be disregarded. See *Iqbal*, 556 U.S. at 679.

**C.   Due Process Claim**

As stated above, Mr. Hopkins' complaint alleges that Defendants have unlawfully detained him past the date the Parole Board recommended he be released from custody. In response to Defendants' motion to dismiss, Mr. Hopkins provides the Parole Board's Record of Release Consideration. *Doc. 13 at 4*. According to that document, on June 3, 2024, the Parole Board recommended that Mr. Hopkins be

transferred to ACC Supervision. However, the Board specifically stated that "[a]ll releases are subject to approval of suitable plan." *Id*.

Due process requirements apply only where a person is deprived of life, liberty, or property by government action, *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003), and the only possible deprivation in this case is a loss of liberty. However, to possess a right to liberty protected by the Due Process Clause, Mr. Hopkins must have "more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).

Importantly, the United States Supreme Court has never recognized a liberty interest in early release where state law leaves the decision to the discretion of a parole board, which is the case here. The Arkansas Supreme Court "has repeatedly held that there is no liberty interest in parole in Arkansas." W*ood v. Ark. Parole Bd.*, 2022 Ark. 30, 5, (2022) (citing *Null v. Ark. Parole Bd.*, 2019 Ark. 50, at 3 (2019)).

In addition, the Eighth Circuit has held that the Arkansas parole statutes create only a possibility of parole and confer no right to parole giving rise to a liberty interest. *Hamilton v. Brownlee*, 237 Fed. Appx. 114, 115 (8th Cir. 2007) ("Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions, and [the plaintiff] had no protectable liberty interest in having defendants follow their hearing policy.").

Here, although the Parole Board recommended that Mr. Hopkins be transferred to ACC Supervision, they also specifically noted that Mr. Hopkins' release was subject to the approval of a "suitable plan." Mr. Hopkins fails to allege that the Parole Board ever approved any such plan. As a result, Mr. Hopkins had no legitimate claim to be released on parole, and he has failed to state a plausible constitutional claim for relief.

**III.   Conclusion**

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion to dismiss (*Doc. 7*) be GRANTED.

2. Mr. Hopkins' claims be DISMISSED, without prejudice.

3. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

4. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

5. The Clerk be directed to close this case.

Dated 13 May 2025.

_____
UNITED STATES MAGISTRATE JUDGE